**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| **WSOU Investments, LLC d/b/a Brazos Licensing and Development,**<br><br>    Plaintiff,<br><br>    v.<br><br>**OnePlus Technology (Shenzhen) Co., Ltd.,**<br><br>    Defendant. | Case No. 6:20-cv-957<br><br>Patent Case<br><br>Jury Trial Demanded |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development

("Plaintiff"), through its attorneys, complains of OnePlus Technology (Shenzhen) Co., Ltd.

("Defendant"), and alleges the following:

**PARTIES**

1.      Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development is a

corporation organized and existing under the laws of Delaware that maintains its principal place

of business at 605 Austin Avenue, Suite 6, Waco, Texas 76701.

2.      Defendant OnePlus Technology (Shenzhen) Co., Ltd. is a corporation organized

and existing under the laws of China that maintains an established place of business at 18F,

Tairan Building, Block C, Tairan 8th Road, Chegongmiao, Futian District Shenzhen,

Guangdong, 518040, China.

**JURISDICTION**

3.      This is an action for patent infringement arising under the patent laws of the

United States, Title 35 of the United States Code.

1

4.      This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5.      This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

### VENUE

6.      Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant has committed acts of patent infringement in this District, and has an established place of business in this District.

### PATENT-IN-SUIT

7.      Plaintiff is the assignee of all right, title and interest in United States Patent No. 8,712,708 (the "Patent-in-Suit"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patent-in-Suit. Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the Patent-in-Suit by Defendant.

### THE '708 PATENT

8.      The '708 Patent is entitled "Method of estimating remaining constant current/constant voltage charging time," and issued 04/29/2014. The application leading to the '708 Patent was filed on 10/25/2010. A true and correct copy of the '708 Patent is attached hereto as Exhibit 1  and incorporated herein by reference.

9.      The '708 Patent is valid and enforceable.

### COUNT 1: INFRINGEMENT OF THE '708 PATENT

10.     Plaintiff incorporates the above paragraphs herein by reference.

11.     **Direct Infringement**. Defendant has been and continues to directly infringe one or more claims of the '708 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '708 Patent also identified in the charts incorporated into this Count below (the "Exemplary '708 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '708 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

12.     Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '708 Patent Claims, by having its employees internally test and use these Exemplary Products.

13.     **Actual Knowledge of Infringement**. The service of this Complaint upon Defendant constitutes actual knowledge of infringement as alleged here.

14.     Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '708 Patent. On information and belief, Defendant has also continued to sell the Exemplary Defendant Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '708 Patent. *See* Exhibit 2 (described below).

15.     **Induced Infringement**. Defendant therefore actively, knowingly, and intentionally has been and continues to induce infringement of the '708 Patent, literally or by

the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '708 Patent.

16.     **Contributory Infringement**. Defendant therefore actively, knowingly, and intentionally has been and continues materially contribute to their own customers infringement of the '708 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '708 Patent. The Exemplary Defendant Products are especially made or adapted for infringing the '708 Patent and have no substantial non-infringing use. For example, in view of the preceding paragraphs, the Exemplary Defendant Products contain functionality which is material to at least one claim of the '708 Patent.

17.     Exhibit 2 includes charts comparing the Exemplary '708 Patent Claims to the Exemplary Defendant Products.  As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '708 Patent.  Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '708 Patent Claims.

18.     Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 2.

19.     Plaintiff is entitled to recover damages adequate to compensate for Defendants infringement.

JURY DEMAND

20.     Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury on all issues so triable.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

A.    A judgment that the '708 Patent is valid and enforceable

B.    A judgment that Defendant has infringed directly, contributorily, and/or induced

infringement of one or more claims of the '708 Patent;

C.    An accounting of all damages not presented at trial;

D.    A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284

for Defendants past infringement with respect to the '708 Patent.

E.    A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284

for Defendants continuing or future infringement, up until the date such judgment

is entered with respect to the '708 Patent, including pre- or post-judgment interest,

costs, and disbursements as justified under 35 U.S.C. § 284;

F.    And, if necessary, to adequately compensate Plaintiff for Defendants infringement,

an accounting:

i.    that this case be declared exceptional within the meaning of 35 U.S.C. § 285

and that Plaintiff be awarded its reasonable attorneys fees against Defendant

that it incurs in prosecuting this action;

ii.    that Plaintiff be awarded costs, and expenses that it incurs in prosecuting this

action; and

iii.    that Plaintiff be awarded such further relief at law or in equity as the Court

deems just and proper.

Dated: October 14, 2020          Respectfully submitted,

/s/ Isaac Rabicoff
Isaac Rabicoff
**Rabicoff Law LLC**
5680 King Centre Dr, Suite 645
Alexandria, VA 22315
(773) 669-4590
isaac@rabilaw.com

**Counsel for Plaintiff**
**WSOU Investments, LLC d/b/a Brazos Licensing and Development**