IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT,<br><br>    Plaintiff,<br><br>  v.<br><br>ONEPLUS TECHNOLOGY (SHENZHEN) CO., LTD.,<br><br>    Defendant. | §<br>§<br>§<br>§<br>§ Civil Action No. 6:20-00952-ADA<br>§ Civil Action No. 6:20-00953-ADA<br>§ Civil Action No. 6:20-00956-ADA<br>§ Civil Action No. 6:20-00957-ADA<br>§ Civil Action No. 6:20-00958-ADA<br>§<br>§<br>§<br>§ |

**PLAINTIFF WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT'S OPPOSITION TO DEFENDANT ONEPLUS TECHNOLOGY (SHENZHEN) CO., LTD.'S MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF <u>PROCESS AND LACK OF PERSONAL JURISDICTION</u>**

## **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................................ 1

II. BACKGROUND AND PROCEDURAL HISTORY ......................................................... 1

III. LEGAL STANDARD .......................................................................................................... 3

IV. ARGUMENT ........................................................................................................................ 5

    A. The Motion Should Be Denied As Moot Because The Court Has Already Approved Alternative Service On OnePlus ............................................................. 5

    B. Service Is Proper Under The FRCP, Texas Long-Arm Statute, And Constitutional Due Process ...................................................................................... 6

    C. Compliance With The Hague Convention Is Not Mandatory Here, And There Is No Basis For Additional International Service On OnePlus .................... 7

V. CONCLUSION .................................................................................................................. 11

i

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Affinity Labs of Tex., LLC v. Nissan N. Am. Inc.*,
   No. WA:13-cv-369, 2014 WL 11342502 (W.D. Tex. July 2, 2014) ..............................4, 8, 10

*Baker Hughes Inc. v. Homa*,
   No. Civ. A.H-11-3757, 2012 WL 1551727 (S.D. Tex. Apr. 30, 2012) ..................................10

*Brown v. China Integrated Energy, Inc.*,
   285 F.R.D. 560 (C.D. Cal. 2012) .......................................................................................4, 7

*In re Chinese-Manufactured Drywall Prods. Liab. Litig.*,
   No. CV 09-02047, 2015 WL 13387769 (E.D. La. Nov. 9, 2015) ....................................10, 11

*Giencore Ltd v. Occidental Argentina Exploration & Prod., Inc.*,
   CIV.A H–11–3070, 2012 WL 591226 (S.D. Tex. Feb. 22, 2012) ...........................................7

*Happy v. Congress Materials, LLC*,
   No. SA-14-CA-201, 2014 WL 11321381 (W.D. Tex. Nov. 12, 2014) .....................................6

*Mullane v. Cent. Hanover Bank & Tr. Co.*,
   339 U.S. 306 (1950) ................................................................................................................5

*Nuance Commc'ns, Inc. v. Abbyy Software House*,
   626 F.3d 1222 (Fed. Cir. 2010) ...............................................................................................4

*Prem Sales, LLC v. Guangdong Chigo Heating & Ventilation Equip. Co.*,
   No. 5:20-CV-141-M-BQ, 2020 WL 6063452 (N.D. Tex. Oct. 14, 2020) ................................9

*Rio Props., Inc. v. Rio Int'l Interlink*,
   284 F.3d 1007 (9th Cir. 2002) .................................................................................................4

*Saturn v. Barnett*,
   A-16-CA-505-LY, 2016 WL 7392240 (W.D. Tex. Dec. 20, 2016) ..........................................6

*Sheets v. Yamaha Motors Corp., U.S.A.*,
   891 F.2d 533, 537 (5th Cir. 1990) ...........................................................................................7

*Templet v. HydroChem Inc.*,
   367 F.3d 473 (5th Cir. 2004) ...................................................................................................6

*Terrestrial Comms LLC v. NEC Corp.*,
   No. 6:19-CV-00597-ADA, 2020 WL 3270832 (W.D. Tex. June 17, 2020) ................. *passim*

*Terrestrial Comms LLC v. NEC Corp.*,
   No. 6:20-CV-00096-ADA, 2020 WL 3452989 (W.D. Tex. June 24, 2020) .................4, 6, 7, 9

*Volkswagenwerk Aktiengesellschaft v. Schlunk*,
   486 U.S. 694 (1988).................................................................................................5, 6, 7

**Other Authorities**

Fed. R. Civ. P. 59(e) ........................................................................................................6

Fed. R. Civ. P. 4(f) ..........................................................................................................3

Fed. R. Civ. P. 4(f)(1) .....................................................................................................4

Fed. R. Civ. P. (4)(f)(2)(C)(i) .........................................................................................3

Fed. R. Civ. P. 4(f)(3) ............................................................................................. *passim*

Fed. R. Civ. P. 4(h) .........................................................................................................3

Fed. R. Civ. P. 4(h)(2).....................................................................................................3

Fed. R. Civ. P. 12 (b)(2)..................................................................................................5

Fed. R. Civ. P. 12 (b)(5)..................................................................................................5

Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development ("WSOU") submits this opposition to Defendant OnePlus Technology (Shenzhen) Co., Ltd.'s ("OnePlus") motion to dismiss for insufficient service of process and lack of personal jurisdiction ("Motion").

## I.     INTRODUCTION

OnePlus's Motion is without merit. This Court granted WSOU's motion for leave to effect alternative service. Pursuant to the Court's order, WSOU effected service via email to U.S. counsel for OnePlus and personal delivery to its authorized agent for service. Because the Court already ruled on this issue, the Motion is moot.

Further, the Court ruled that alternative service upon OnePlus was procedurally proper under the Federal Rules of Civil Procedure ("FRCP"), Texas long-arm statute, and due process requirements because it was reasonably calculated to provide notice to OnePlus of this action. Contrary to OnePlus's contentions, service pursuant to the Hague Convention is not mandatory where, as here, alternative means of service exist and have been effectuated under Rule 4(f)(3) of the FRCP.

OnePlus does not dispute that it is now fully informed of this litigation. OnePlus's demand for additional international service pursuant to the Hague Convention to remedy the purported insufficient service of process is thus an improper attempt to create procedural hurdles, delay the action, and waste the parties' time and judicial resources.

Accordingly, the Motion should be denied.

## II.    BACKGROUND AND PROCEDURAL HISTORY

WSOU is a Delaware limited liability company with a principal place of business located at 605 Austin Avenue, Suite 6, Waco, Texas 76701.

OnePlus is a Chinese corporation with a principal place of business located at 18F, Tairan Building, Block C, Tairan 8th Road, Chegongmiao, Futian District Shenzhen, Guangdong,

518040, China.  OnePlus maintains a U.S. presence and agent via OnePlus Global located at 1295 Martin Luther King Drive, Hayward, CA 94541.  (Dkt. 8, Ex. B.)

On October 14, 2020, WSOU commenced the above-captioned actions by filing five complaints against OnePlus for direct and indirect infringement of U.S. Patent Nos. 7,477,876, 8,149,776, 8,712,708, 8,767,614, and 9,231,746 (collectively, the "Patents-In-Suit").  The same day, Summonses were issued as to OnePlus in those five actions.

On December 3, 2020, WSOU filed five motions for leave to effect alternative service on OnePlus pursuant to Rule 4(f)(3) of the FRCP ("Service Motions")[1] requesting that the Court authorize WSOU to serve OnePlus through:  (i) e-mail upon U.S. Counsel for OnePlus, Messrs. Brady Randall Cox at brady.cox@alston.com and Michael J. Newton at mike.newton@alston.com; and (ii) personal delivery to OnePlus's U.S. agent located at OnePlus Global, 1295 Martin Luther King Drive, Hayward, California 94541.  (Dkt. 8.)

On December 14, 2020, the Court granted WSOU's Service Motions finding that "good cause exists" for WSOU's request and approving alternative service on OnePlus (the "December 14 Order").

On January 6, 2021, pursuant to the December 14 Order, WSOU effected service on OnePlus via email to brady.cox@alston.com and mike.newton@alston.com as well as personal delivery to OnePlus's authorized agent for service, Geoffrey Maely, at OnePlus Global, 1295 Martin Luther King Drive, Hayward, California 94541.  (Dkt. 11.)

On January 8, 2021, WSOU filed the returned, executed Summonses, including Proof of Service on OnePlus.[2]

---

[1] Dkt. 8 in all of the above-captioned actions.
[2]  Dkt. 11 (Case No. 6:20-00952-ADA), Dkt. 10 (all other actions).

On January 20, 2021, pursuant to OnePlus's request to extend the time to respond to WSOU's complaints, WSOU filed an Unopposed Motion for Extension of Time, by which WSOU agreed to extend OnePlus's deadline to respond to the Complaints from January 27, 2021 to February 26, 2021.  (Dkt. 13.)  On January 27, 2021, the Court granted the motion and reset OnePlus's deadline to respond to the Complaints to February 26, 2021.

Almost two months after service on OnePlus, on February 26, 2021, OnePlus filed the Motion ignoring the December 14 Order and arguing that WSOU's service (as effectuated pursuant to the December 14 Order) was procedurally defective due to failure to follow the Hague Convention.[3]

## III. LEGAL STANDARD

Rule 4(h) of the FRCP governs service of process on corporations, partnership, or associations.  Fed. R. Civ. P. 4(h).  Pursuant to Rule 4(h)(2), service on a corporation at a place not within any judicial district of the United States is to be conducted in any manner prescribed by Rule 4(f) for serving an individual except for personal delivery under Rule (4)(f)(2)(C)(i).  *Id.*

Pursuant to Rule 4(f), to be effective, service on a foreign defendant must comply with one of three provisions as follows:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice []; or
>
> (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f).

---

[3] Dkt. 21 (Case No. 6:20-00952-ADA), Dkt. 20 (all other actions).

As such, pursuant to Rule 4(f)(3), "so long as the method of service is not prohibited by international agreement, the Court has considerable discretion to authorize an alternative means of service." *Terrestrial Comms LLC v. NEC Corp.*, No. 6:19-CV-00597-ADA, 2020 WL 3270832, at *2 (W.D. Tex. June 17, 2020) (citing *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002)).  Rule 4(f)(3) merely provides one of the permissible methods for service of process on international defendants.  *See Rio Props.*, 284 F.3d at 1015.

Notably, a plaintiff is not required to attempt to effect service on a foreign defendant pursuant to the Hague Convention under Rule 4(f)(1) prior to requesting the Court's authorization of an alternative method of service under Rule 4(f)(3).  *See Affinity Labs of Tex., LLC v. Nissan N. Am. Inc.*, No. WA:13-cv-369, 2014 WL 11342502, at *1 (W.D. Tex. July 2, 2014); *Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1239-40 (Fed. Cir. 2010).

Axiomatically, service pursuant to the Hague Convention is not mandatory if there are alternative means to effectuate service under Rule 4(f)(3).  *Terrestrial Comms LLC v. NEC Corp.*, No. 6:20-CV-00096-ADA, 2020 WL 3452989, at *4 (W.D. Tex. June 24, 2020) (rejecting foreign defendant's demand for service under the Hague Convention and holding that email service on the defendant's U.S. counsel is proper and effective under Rule 4(f)(3) even if counsel has not been expressly authorized to accept service on defendant's behalf); *Terrestrial Comms*, 2020 WL 3270832, at *3 (same).  *See also Brown v. China Integrated Energy, Inc.*, 285 F.R.D. 560, 565 (C.D. Cal. 2012) ("The Hague Convention does not prohibit authorizing plaintiffs to serve the foreign individual defendants by serving them through [defendant's] agent for service of process or its attorneys in the United States.").

Moreover, the United States Supreme Court has held that "[w]here service on a domestic agent is valid and complete under both state law and the Due Process Clause, [the] inquiry ends

and the [Hague] Convention has no further implications [and] contrary to [defendant's] assertion, the Due Process Clause does not require an official transmittal of documents abroad every time there is service on a foreign national." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 707 (1988) (holding that the Hague Convention did not apply when process is effected by serving a foreign corporation through its U.S. subsidiary).

This Court can thus authorize any alternative method of service that complies with the Texas long-arm statute and constitutional requirements of due process. *See Terrestrial Comms*, 2020 WL 3270832, at *3.

Courts have repeatedly interpreted the Texas long-arm statute "to reach as far as the federal constitutional requirements of due process will allow." *Id.* (citing *CSR Ltd. v. Link*, 925 S.W.2d 591, 594 (Tex. 1996)). To that end, to satisfy the constitutional requirements of due process, the method of service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950).

Accordingly, if alternative service complies with the state long-arm statute and due process requirements, and thus apprises a defendant of the pending action, the defendant may not obtain dismissal of a case for insufficiency of process and resultant lack of personal jurisdiction under Rules 12 (b)(2) and (5) of the FRCP.

**IV. ARGUMENT**

**A. The Motion Should Be Denied As Moot Because The Court Has Already Approved Alternative Service On OnePlus**

The Motion is procedurally improper. It ignores the Court's December 14 Order that approved the exact service effected by WSOU. Because the issues raised in the Motion were already considered and decided by the Court, the Motion is moot and should be denied on this

ground alone.  *See Happy v. Congress Materials, LLC*, No. SA-14-CA-201, 2014 WL 11321381 (W.D. Tex. Nov. 12, 2014) (denying as moot a motion following the issuance of a court order on the same issue); *Saturn v. Barnett*, A-16-CA-505-LY, 2016 WL 7392240 (W.D. Tex. Dec. 20, 2016), *report and recommendation adopted*, No. 1:16-CV-00505-LY, 2017 WL 9850919 (W.D. Tex. Jan. 12, 2017) (finding an insufficiency of process argument moot after defendant was successfully served pursuant to the Court's order).

OnePlus could have filed a motion to vacate the December 14 Order if it believed that the Court's decision was erroneous.  *See* Fed. R. Civ. P. 59(e); *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).  OnePlus never did so and should not be allowed to make an end-run around proper procedure and this Court's December 14 Order by filing the Motion.

### B. Service Is Proper Under The FRCP, Texas Long-Arm Statute, And Constitutional Due Process

This Court correctly approved alternative service via email to OnePlus's U.S. counsel, Messrs. Brady Cox and Michael J. Newton, and personal delivery to OnePlus's authorized agent for service in the U.S., Geoffrey Maely.

First, the alternative service is proper under Rule 4(f)(3) as such service is not prohibited by any international agreement.  *See Terrestrial Comms*, 2020 WL 3270832, at *3 (email service on foreign defendant's U.S. counsel complied with Rule 4(f)(3) and not prohibited by any international agreement even though counsel was not expressly authorized to accept service on defendant's behalf); *Terrestrial Comms,* 2020 WL 3452989, at *4 (same).

Second, the alternative service authorized by the Court is also proper under the Texas long-arm statute and due process requirements as OnePlus has been fully apprised of this pending action and afforded the opportunity to present its objections.  *See Terrestrial Comms*, 2020 WL 3270832, at *1; *Volkswagenwerk*, 486 U.S. at 707.

The Court-approved alternative service thus comports with the FRCP, the Texas long-arm statute, and constitutional due process.

Accordingly, the Motion is meritless and should be denied.

### C. Compliance With The Hague Convention Is Not Mandatory Here, And There Is No Basis For Additional International Service On OnePlus

As demonstrated above (*supra* at 4-5), compliance with the Hague Convention is not mandatory as long as there are alternative means of service that comport with the rules, and OnePlus has been effectively served and apprised of the matters here. *See, e.g.*, *Volkswagenwerk*, 486 U.S. at 707; *Terrestrial Comms*, 2020 WL 3270832, at *3; *Terrestrial Comms,* 2020 WL 3452989, at *3. OnePlus's request for additional international service under the Hague Convention (Motion at 10) is thus baseless and nonsensical.

Indeed, this Court has held that alternative service including email to a foreign defendant's U.S. counsel and personal delivery to the defendant's U.S. agent is sufficient without meeting the requirements under the Hague Convention.

> "[S]ervice pursuant to Hague Convention procedures is required **only** if the method of serving process involves the transmittal of documents abroad." *Sheets v. Yamaha Motors Corp., U.S.A.,* 891 F.2d 533, 537 (5th Cir. 1990) (emphasis added). If alternative means to effectuate service exist, strict compliance with the service requirements under the Hague Convention is not always mandatory. *Brown,* 285 F.R.D. at 564. 'Thus, if domestic service on a foreign corporation were effected properly, the Hague Convention would not require additional, international service.' *Giencore Ltd v. Occidental Argentina Exploration & Prod., Inc.,* CIV.A H–11–3070, 2012 WL 591226 (S.D. Tex. Feb. 22, 2012) (citing *Schlunk,* 486 U.S. at 707).
> Here, [plaintiff] requests that the Court authorize service on [defendant] through [defendant's subsidiary] or its outside counsel, Mr. Hill. Neither method would require the transmittal of service documents abroad because both [defendant's subsidiary] and Mr. Hill are located in the United States. Therefore, as long as service on a domestic subsidiary is authorized by relevant state law, [plaintiff] would not have to strictly comply with the procedures on international transmission and service as enumerated under the Hague Convention."

*Affinity Labs*, 2014 WL 11342502, at *2. *See also Terrestrial Comms*, 2020 WL 3270832, at *3 (rejecting foreign defendant's demand for service under the Hague Convention and approving email service on defendant's U.S. counsel because "alternative means to effectuate service exist, [so] strict compliance with the service requirements under the Hague Convention is not mandatory").

This is exactly what transpired here. This Court correctly approved alternative service via email to OnePlus's U.S. counsel and personal delivery to OnePlus's U.S. agent as those service methods were permissible under Rule 4(f)(3) and did not require international transmittal of service documents. Because such domestic service was effectuated properly, the Hague Convention does not mandate additional international service.

OnePlus argues that the Texas long-arm statute requires process served on a foreign defendant to be sent abroad. *See* Motion at 1, 6–7. OnePlus is wrong. This Court has explicitly held that the "Texas long-arm statute does not require the transmittal of documents abroad when serving a foreign defendant." *Terrestrial Comms*, 2020 WL 3270832, at *3 (citing *Fundamental Innovation Sys. Int'l, LLC v. ZTE Corp.*, No. 3:17-cv-01827-N, 2018 WL 3330022, at *3 (N.D. Tex. Mar. 16, 2018)).

OnePlus also argues that "Rule 4(f)(3) cannot be used when proposed service would be effected in the United States." Motion at 8. To the contrary, this Court has explicitly held that if alternative service includes service to defendant's counsel or subsidiary in the United States under Rule 4(f)(3), no transmittal of documents abroad is required and service under the Hague Convention is not mandatory. *See Affinity Labs*, 2014 WL 11342502, at *2.

OnePlus does not – because it cannot – show otherwise. There is no "loophole" (Motion at 12) around the alternative service approved by the Court and effected by WSOU. Rather, the

8

alternative service authorized by the December 14 Order is the only service required here.

OnePlus has failed to cite a single relevant case from the Western District of Texas or the Fifth Circuit that contradicts or undermines the December 14 Order.  In contrast, this Court's decisions in the *Terrestrial Comms* cases, rejecting the application of the Hague Convention and approving alternative service by email to defendant's U.S. counsel, fully supports the December 14 Order and squarely contradicts OnePlus's position in the Motion.  *See Terrestrial Comms*, 2020 WL 3452989, at *1; *Terrestrial Comms,* 2020 WL 3270832, at *1.

OnePlus cites to *Prem Sales, LLC v. Guangdong Chigo Heating & Ventilation Equipment Co.*, No. 5:20-CV-141-M-BQ, 2020 WL 6063452, at *9 (N.D. Tex. Oct. 14, 2020) to support its argument that under the Hague Convention, WSOU was required but failed to prepare translations of the complaint, patents, and other exhibits to afford OnePlus's management an opportunity to review these documents in their native language.  Motion at 11.  This argument makes no sense, and the cited case is inapplicable.  First, the Hague Convention is not mandatory here and its guidelines are thus not applicable.  Second, WSOU served OnePlus's U.S. counsel and the referenced translation was not necessary for OnePlus to secure proper representation and object to WSOU's filing.  Third, OnePlus is currently represented by U.S. counsel in the cases at issue.  And fourth, OnePlus does not dispute that it is now fully informed about the pending litigation.

Further, contrary to OnePlus's argument (Motion at 5), saving precious time and resources and relieving plaintiff of the undue burden associated with the Hague Convention, is not only a reason but also the main purpose of seeking alternative service.   In fact, this Court has explicitly held that avoiding burdensome and unnecessary expenses and delays associated with the Hague Convention is a valid reason for the approval of alternative service, just like here.  *See Terrestrial Comms*, 2020 WL 3452989, at *4 ("The Court views [defendant's] objection to alternative service

9

as an attempt to further delay resolution of the lawsuits rather than as a method of ensuring [defendant's] apprisal of the pending suits.  This Court previously held that seeking to avoid unnecessary delay and expense in serving a foreign defendant through the Hague Convention is a valid reason to grant alternative service."); *Affinity Labs*, 2014 WL 11342502, at *3 ("Courts have also found that avoiding the additional expense of serving a defendant in a foreign country is a valid justification for granting an alternative method of service… Thus, saving time and expense are valid reasons to request an alternative method of service.") (internal citations and quotations omitted).

Consistent with these binding decisions and contrary to OnePlus's contentions (Motion at 10), WSOU is not required to detail how the Court-approved alternative service by email is less burdensome than service under the Hague Convention.  The case that OnePlus cites to support its position—*Baker Hughes Inc. v. Homa*, No. CIV.A. H-11-3757, 2012 WL 1551727 (S.D. Tex. Apr. 30, 2012)—is thus distinguishable, inapposite and contradicts the Motion.  Among other things: (i) *Baker* did not involve the Hague Convention, unlike here; (ii) the court in *Baker* held that, although expediting the process and avoiding additional costs were legitimate reasons that can provide sufficient justification for the alternative service, the court could not reach a conclusion that service offending Austrian law was appropriate, whereas here, no foreign law is offended by the December 14 Order; and (iii) the court in *Baker* denied defendant's motion to dismiss for insufficient service of process and lack of personal jurisdiction, and thus, if anything, *Baker* supports WSOU, not OnePlus.

Put simply, OnePlus's demand for additional, international service is nothing but an improper attempt to create procedural hurdles, delay the action, and waste the parties' time and judicial resources.  *See In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, No. CV 09-

02047, 2015 WL 13387769 (E.D. La. Nov. 9, 2015) (finding that defendants' refusal to accept service of process and insistence on the formalities of the Hague Convention were motivated by their intent to delay justice).  This baseless demand should be rejected.

## V. CONCLUSION

For the foregoing reasons, WSOU respectfully requests that the Court deny OnePlus's motion to dismiss for insufficient service of process and lack of personal jurisdiction.

Dated: March 12, 2021                    RESPECTFULLY SUBMITTED,

By: */s/ Jonathan K. Waldrop*
    Jonathan K. Waldrop (CA Bar No. 297903)
    (Admitted in this District)
    jwaldrop@kasowitz.com
    Darcy L. Jones (CA Bar No. 309474)
    (Admitted in this District)
    djones@kasowitz.com
    Marcus A. Barber (CA Bar No. 307361)
    (Admitted in this District)
    mbarber@kasowitz.com
    John W. Downing (CA Bar No. 252850)
    (Admitted in this District)
    jdowning@kasowitz.com
    Heather S. Kim (CA Bar No. 277686)
    (Admitted in this District)
    hkim@kasowitz.com
    Jack Shaw (CA Bar No. 309382)
    (Admitted in this District)
    jshaw@kasowitz.com
    **KASOWITZ BENSON TORRES LLP**
    333 Twin Dolphin Drive, Suite 200
    Redwood Shores, California 94065
    Telephone: (650) 453-5170
    Facsimile: (650) 453-5096

    Mark D. Siegmund (TX Bar No. 24117055)
    mark@waltfairpllc.com
    **LAW FIRM OF WALT FAIR, PLLC**
    1508 N. Valley Mills Drive
    Waco, TX 76710
    Telephone:  (254) 772-6400
    Facsimile:   (254) 772-6432

    **Attorneys for Plaintiff**
    **WSOU INVESTMENTS, LLC d/b/a**
    **BRAZOS LICENSING AND**
    **DEVELOPMENT**

**CERTIFICATE OF SERVICE**

      The undersigned counsel hereby certifies that on March 12, 2021, pursuant to Local Rule CV-5, a true and correct copy of the foregoing document was served via the Court's CM/ECF system on all parties who have appeared in this case.

*/s/ Jonathan K. Waldrop*
Jonathan K. Waldrop
