IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| WSOU INVESTMENTS LLC, | § | |
| *Plaintiff,* | § | |
| | § | 6-20-CV-00952-ADA |
| v. | § | 6-20-CV-00953-ADA |
| | § | 6-20-CV-00956-ADA |
| ONEPLUS TECHNOLOGY | § | 6-20-CV-00957-ADA |
| (SHENZHEN) CO., LTD., | § | 6-20-CV-00958-ADA |
| *Defendant.* | § | |

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

Came on for consideration before this Court is Defendant OnePlus Technology (Shenzhen) Co., Ltd.'s Motion to Dismiss for Insufficient Service of Process and Lack of Personal Jurisdiction. Def.'s Mot., ECF No. 21[1]. The Court has considered the Motion, all relevant filings, and the applicable law. For the reasons set forth below, the Court **DENIES** the Motion.

### I. BACKGROUND

Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development filed five separate Complaints against Defendant on October 14, 2020 for patent infringement. Pl.'s Compl., ECF No. 1. This order addresses all five of the Complaints.

WSOU is a Delaware corporation with its principal place of business at 605 Austin Avenue, Suite 6, Waco, Texas 76701. Pl.'s Compl. at ¶ 1. WSOU offers services to patent holders such as license negotiation and management of infringement litigation. *Id.* at ¶ 2. WSOU claims that Shenzhen has been and continues to infringe five of WSOU's patents by making,

---

[1] Defendant Shenzhen filed identical motions in each of five infringement actions between the Parties. Unless otherwise noted, cites in this order refer to the docket in Case No. 6:20-cv-00952-ADA.

using, offering to sell, selling, and/or importing products that literally, or by the doctrine of equivalents, infringe the claims of the patents. *Id.* at ¶ 11.

Shenzhen is a Chinese corporation with its principal place of business located at 18F, Tairan Building, Block C, Tairan 8th Road, Chegongmiao, Futian District, Shenzhen, Guangdong 518040, China. *Id*. at ¶ 2. The five Complaints allege patent infringement of five different United States patents which relate to varying technologies.[2] *Id.* at ¶ 7. WSOU alleges that Shenzhen has committed infringing acts in the Western District of Texas.[3] *Id.* at ¶ 5. Shenzhen has filed the instant motion in each of the five actions.[4]

On December 3, 2020, WSOU filed Motions for Alternative Service under Rule 4(f)(3) in all five cases which the Court granted on December 14, 2020 and December 16, 2020.[5] Order Granting Pl.'s Mot. for Leave to Effect Alt. Serv. Plaintiff requested leave to serve process by e-mailing Defendant's previous U.S. counsel: Attorney Brady Randall Cox at brady.cox@alston.com and Attorney Michael J Newton at mike.newton@alston.com. In its Motion for Alternative Service, Plaintiff stated that Attorneys Cox and Newton represented Defendant in the United States as recently as October 26, 2020 in the Eastern District of Texas. Pl.'s Mot. at 2, ECF No. 8. Plaintiff also requested leave to serve Defendant's authorized agent for service at Defendant's U.S. address at OnePlus Global, 1295 Martin Luther King Dr, Hayward CA 94541. *Id.* at 4. The Court granted Plaintiff's Motion and Plaintiff subsequently sent e-mails to Attorneys Cox and Newton and additionally served process through personal

---

[2]In Case No. 6:20-cv-00952, WSOU asserts U.S. Patent No. 8,149,776. In Case No. 6:20-cv-00953, WSOU asserts U.S. Patent No. 8,767,614. In Case No. 6:20-cv-00956, WSOU asserts U.S. Patent No. 7,477,876.
In Case No. 6:20-cv-00957, WSOU asserts U.S. Patent No. 8,712,708. In Case No. 6:20-cv-00958, WSOU asserts U.S. Patent No. 9,231,746.
[3]The asserted patents and WSOU's claim for infringement of each of the asserted patents are discussed fully in WSOU's complaints in each of the five actions.
[4]Case No. 6: 6:20-cv-00952, ECF No. 21; Case No. 6:20-cv-00953, ECF No. 20; Case No. 6:20-cv-00956, ECF No. 20; Case No. 6:20-cv-00957, ECF No. 20; Case No. 6:20-cv-00958, ECF No. 20.
[5]Respectively, case nos. 6:20-cv-00952 and -00953, and case nos. 6:20-cv-00956, -00957, and -00958.

delivery to OnePlus's authorized agent for service in the U.S., Geoffrey Maely. Pl.'s Summons, ECF No. 11.

On January 8, 2021, WSOU filed five returned executed Summonses, having effectuated alternate service of process according to the methods requested in its Motion. Pl.'s Summons. On February 26, 2021, Defendant specially appeared and filed its Motion to Dismiss due to invalid service of process and therefore lack of personal jurisdiction. Def.'s Mot., ECF No. 21. Defendant now moves for dismissal pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12 (b)(5). *Id.*

For the reasons discussed below, the Court finds that Plaintiff adequately served Defendant via alternative service as authorized by the Court.

## II. LEGAL STANDARD

Service of process on a foreign defendant must comply with: (1) the Federal Rules of Civil Procedure; (2) international agreements entered into by the United States and the relevant foreign country; and (3) the due process protections afforded by the United States Constitution.

### A. Federal Rules of Civil Procedure

In reviewing the Rule 12 motion, the district court accepts all well-pleaded facts as true and views the facts in light most favorable to the plaintiff. Fed. R. Civ. P. 12(h); *Lisson v. ING Groep N.V.*, 262 Fed. Appx. 567, 570 (5th Cir. 2007).

### 1. Personal Jurisdiction

For the Court to have personal jurisdiction, a defendant must be properly served consistent with the United States Constitution and laws. Fed. R. Civ. P. 4(k). A non-resident defendant must maintain its objection to personal jurisdiction while participating in litigation without submitting to the court's jurisdiction. *Haliburton Energy Servs., Inc. v. Ironshore Specialty Ins. Co.*, 921 F.3d 522, 540 (5th Cir. 2019). A court has personal jurisdiction over a

party when that party has established such contacts with the state that the form of substituted service adopted there gives reasonable assurance that the notice will be actual. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945).

## 2. Alternative Service

In addition to means of service authorized by the Hague Convention, a court may allow service of process on foreign defendants according to Fed. R. Civ. P. 4(f)(3) "by other means not prohibited by international agreement." Fed. R. Civ. P. 4(f)(1). Rule 4(f)(3) is not subsumed within or in any way dominated by Rule 4(f)'s other subsections; it stands independently on equal footing. *Nuance Communs., Inc. v. Abbyy Software House*, 626 F.3d 1222 (Fed. Cir. 2010). Rule 4(f)(3) permits a party to use an alternative method of service if the party (1) obtains permission of the court and (2) the method is not otherwise prohibited by international agreement. Fed. R. Civ. P. 4(f)(3). So long as the method of service is not prohibited by international agreement, the Court has considerable discretion to authorize an alternative means of service. *Terrestrial Comms LLC v. NEC Corp.*, No. 6:19-CV-00597-ADA, 2020 U.S. Dist. LEXIS 110983, at *3–4 (W.D. Tex. June 24, 2020).

## B. The Hague Convention

Service of process on a foreign defendant pursuant to the Hague Convention is mandatory only if the method of serving process involves the transmittal of documents abroad. *Sheets v. Yamaha Motors Corp.,* 891 F.2d 533, 537 (5th Cir. 1990). In other words, if a foreign defendant can be served under state law without transmitting documents abroad, the Hague Convention is inapplicable. *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 707 (1988). The Hague Convention does not preempt methods of service on domestic agents that are valid under state law or constitutional requirements of due process. *Id.* at 707. For plaintiffs that request leave to effectuate alternate service of process, service under Rule 4(f)(3) is equally as

acceptable as complying with the Court's authorization by adhering to the Texas Long Long-Arm statute or Constitutional due process. *See McBride v. Wille,* No. SA-13-CV-0986-DAE, 2013 U.S. Dist. LEXIS 195513, at *5 (W.D. Tex. Dec. 2, 2013).[6]

## C. Constitutional Due Process

When a court authorizes alternate service of process, the plaintiff's request is analyzed through traditional notions of due process, satisfied when efforts at giving notice provide fundamental fairness by exhibiting a reasonable probability of actual notice. *Terrestrial,* 2020 U.S. Dist. LEXIS 110983 at *6. The due process analysis determines whether traditional notions of fair play and substantial justice have been offended when asserting personal jurisdiction over a defendant. *Burnham v. Superior Court of Cal.*, 495 U.S. 604, 622 (1990).

Because the claims were brought in the Western District of Texas, an alternative method of service of process is valid if it complies with Texas' long-arm statute. The Texas Long-Arm statute is interpreted to reach as far as the federal constitutional requirements of due process will allow. *Terrestrial,* 2020 U.S. Dist. LEXIS 110983 at *7.

An aspect of due process is ensuring that alternate methods of service of process comport with the principle of comity. *Kreimerman v. Casa Veerkamp, S.A. de C.V.,* 22 F.3d 634, 643–44 (5th Cir. 1994). Because determinations regarding alternate service under Federal Rule of Civil Procedure 4(f)(3) are conferred to the discretion of the Court, a district court can direct alternative means of service that comply with due process without violating principles of comity. *See James Avery Craftsman, Inc. v. Sam Moon Trading Enters.,* No. SA-16-cv-00463-OLG, 2018 U.S. Dist. LEXIS 219083, at *8 (W.D. Tex. July 5, 2018).

---

[6]*See* also *Brookshire Bros., Ltd. v. Chiquita Brands, Int'l*, 2007 WL 1577771, at *2 (S.D. Fla. May 31, 2007); *RSM Prod. Corp. v. Fridman*, 2007 WL 2295907, at *6 (S.D.N.Y. Aug. 10, 2007); *LG Elecs, Inc. v. Asko Appliances, Inc.*, 2009 WL 1811098, at *4 (D. Del. June 23, 2009)

# III. ANALYSIS

As authorized by this Court, WSOU's alternate service of process on Shenzhen complies with: (1) the Federal Rules of Civil Procedure; (2) international agreements entered into by the United States and China; and (3) the due process protections afforded by the United States Constitution and the Texas Long-Arm Statute. As a result, service of process on Defendant was proper and this Court has personal jurisdiction over the parties in this case.

As a threshold matter, when a Rule 12 motion fails to assert lack of personal jurisdiction, improper venue, or sufficient process, the defendant waives those defenses. *See* Fed. R. Civ. P. 12(h); *West v. Velo Enter. Co.*, No. 5:13-CV-00024-OLG, 2013 U.S. Dist. LEXIS 203330, at *4–5 (W.D. Tex. Aug. 29, 2013). Shenzhen specially appeared to object to this Court's personal jurisdiction due to ineffective service of process. Def.'s Mot., ECF No. 21. The Court finds that Shenzhen has preserved its objection.

**A.** *WSOU's alternate service of process complies with the Federal Rules of Civil Procedure.*

A non-resident defendant must be properly served according to Federal Rules of Civil Procedure Rules 4(h) and 4(f). First, Rule 4(h) states "unless federal law provides otherwise . . . a foreign corporation . . . must be served (1) in a judicial district of the United States or (2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual". Fed. R. Civ. P. 4(h). Rule 4(f)(1) states "unless federal law provides otherwise, an individual . . .may be served at a place not within any judicial district of the United States by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Fed. R. Civ. P. 4(f)(1). In addition to means of service authorized

by the Hague Convention, a court may allow service of process on foreign defendants "by other means not prohibited by international agreement." Fed. R. Civ. P. 4(f)(1). Federal Rule of Civil Procedure 4(f)(3) permits a party to use an alternative method of service if the party (1) obtains permission of the court and (2) the method is not otherwise prohibited by international agreement. Fed. R. Civ. P. 4(f)(3).

When a plaintiff requests and a Court grants alternate service of process, service of process using a method not prohibited by international agreement comports with principles of due process. *Terrestrial,* 2020 U.S. Dist. LEXIS 110983 at *4. If a plaintiff has evidence of an attorney-client relationship between a foreign defendant and domestic counsel, a common method of service is service of process on a defendant's United States based attorney. *See In re Potash Antitrust Litig.*, 667 F. Supp. 2d 907, 931 (N.D. Ill. 2009)[7]. By effecting service of process on a corporation's known U.S. counsel, a corporation is reasonably certain to be apprised of the pending actions, if it is not already aware of them. *Terrestrial,* 2020 U.S. Dist. LEXIS 110983 at *10–11; *STC.UNM v. Taiwan Semiconductor Mfg. Co. Ltd.,* No. 6:19-CV-00261-ADA, 2019 U.S. Dist. LEXIS 231994, at *6 (W.D. Tex. May 29, 2019). The Court granted Plaintiff's Motion for Leave to Effect Alternative Service and ordered an alternative method of service of process. Order Granting Pl.'s Mot. for Leave to Effect Alt. Serv. Plaintiff's alternate service of process on Defendant complies with Federal Rule of Civil Procedure 4(f)(3) because the alternate service was Court ordered.

B. ***WSOU's alternate service of process complies with the international agreements entered into by the United States and China.***

---

[7]*See* also *Brookshire Bros., Ltd. v. Chiquita Brands, Int'l*, 2007 WL 1577771, at *2 (S.D. Fla. May 31, 2007); *RSM Prod. Corp. v. Fridman*, 2007 WL 2295907, at *6 (S.D.N.Y. Aug. 10, 2007); *LG Elecs, Inc. v. Asko Appliances, Inc.*, 2009 WL 1811098, at *4 (D. Del. June 23, 2009).

The United States and China are both signatories to the Hague Convention, an international treaty that specifies a method of service of process on residents of signatory countries. Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, 20 U.S.T. 361. There is no factual dispute that Plaintiff did not attempt service of process through the Hague Convention. Pl.'s Resp., ECF No. 23. If Plaintiff attempted service of process through the Hague, Plaintiff would have expended significant time and effort to translate its documents to Chinese and send them to the Chinese Central Authority for service of process. Because China has objected to several forms of alternate service delineated in Article 10, Plaintiff's only option would have been to send physical documents to the Chinese Central Authority. *Id.* at Art. 10. However, China has not expressly objected to e-mail service of process to Chinese corporations under the Hague Convention. *Id.* Additionally, the Hague Convention is not implicated when a Chinese corporation has a domestic subsidiary or a local agent for service of process. *See* 20 U.S.T. 361.

Moreover, this Court has held that seeking to avoid unnecessary delay and expense in serving a foreign defendant through the Hague Convention is a valid reason to grant a request for alternative service of process. *Affinity Labs of Tex., LLC v. Nissan N. Am. Inc.*, No. WA:13-CV-369, 2014 U.S. Dist. LEXIS 185740, at *4 (W.D. Tex. July 2, 2014). Notably, attempting service under the Hague Convention is not a prerequisite to requesting alternative service. *See id.* at *1. Here, WSOU requested alternate service of process by email to Shenzhen's prior domestic counsel. Pl.'s Mot. at 3. (citation) The Hague Convention does not prohibit service on a foreign corporation through its U.S. counsel, in-house counsel, or a wholly owned U.S. subsidiary. *See STC.UNM v. Taiwan Semiconductor Mfg. Co. Ltd.,* No. 6:19-cv-00261-ADA (W.D. Tex. May 29, 2019). As a result, WSOU's e-mail service of process to Shenzhen's prior domestic counsel

was not prohibited by the Hague Convention. Therefore, this form of service of process on a Chinese defendant is not prohibited by an international agreement.

**C.** ***WSOU's alternate service of process complies with the due process protections afforded by the United States Constitution and the Texas Long-Arm Statute.***

Courts interpret the Texas Long-Arm statute to reach as far as the federal constitutional requirements of due process will allow. *Terrestrial,* 2020 U.S. Dist. LEXIS 110983 at *7 For plaintiffs that request leave to effectuate alternate service of process, service under Rule 4(f)(3) is equally as acceptable as complying with the Texas Long Arm Statute. *See McBride v. Wille,* No. SA-13-CV-0986-DAE, 2013 U.S. Dist. LEXIS 195513, at *5 (W.D. Tex. Dec. 2, 2013*).* To meet due process requirements for service of process, the method of service approved by the district court must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950). E-mail on the domestic counsel of a foreign defendant complies with constitutional notions of due process, because it is reasonably calculated to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. *See Terrestrial,* 2020 U.S. Dist. LEXIS 110983 at *11.

Here, pursuant to the Court's order, WSOU effected service via e-mail on Shenzhen's U.S. attorneys and via registered mail carrier with return receipt upon OnePlus Global, Shenzhen's domestic subsidiary ("OnePlus USA"). Pl.'s Summons, ECF No. 12. In addition, WSOU personally served OnePlus USA's authorized agent for service of process. Pl.'s Summons. WSOU's service of process by e-mailing Shenzhen's former counsel, as well as personal delivery to OnePlus USA's authorized agent for service of process was in accordance with this Court's order authorizing alternate service. These alternative methods of service of

process satisfy constitutional due process because they are reasonably calculated to apprise Defendant of the complaint filed against it.

Another aspect of constitutional due process is ensuring that alternate methods of service of process comport with the principle of comity. *See Kreimerman v. Casa Veerkamp, S.A. de C.V.,* 22 F.3d 634, 643–44 (5th Cir. 1994). Principles of comity are a matter of the court's discretionary power to determine whether a plaintiff has complied with due process in its efforts to secure service of process upon a foreign defendant. *See UNM Rainforest Innovations v. D-Link Corp.,* No. 6-20-CV-00143-ADA, 2020 WL 3965015, at *4 (W.D. Tex. July 13, 2020). However, plaintiffs assume the risk that the principle of international comity might hinder their establishment of jurisdiction over defendants. *Id.* citation. As a result of seeking service of process through a method that bypasses the Hague Convention, plaintiffs may also discover that their failure to employ the Convention's safe harbor procedures makes enforcement of their judgments abroad more difficult. *Id.* In this situation, Plaintiff requested alternate service of process on a Chinese defendant through e-mail to its known and recent domestic U.S. counsel which does not trigger obligations under the Hague Convention, so the principle of comity is not offended. The principle of international comity refers to the spirit of co-operation in which a domestic tribunal approaches the resolution of cases touching the laws and interests of other sovereign states. *Societe Nationale Industrielle Aerospatiale v. United States Dist. Court for S. Dist.*, 482 U.S. 522, 524 (1987). However, the principle of comity does not require plaintiffs to resort to Hague Convention procedures without assessing the particular facts, sovereign interests, and likelihood that resort to those procedures will prove effective in each case. *Id.*

WSOU has filed its complaint in the Western District of Texas, alleging five U.S. Patents have been infringed upon in the United States by Shenzhen. Pl.'s Mot. at 2. It is Plaintiff's

choice, as the plaintiff is the master of its own complaint, where to seek adjudication of its claim, depending on what its goals are. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 395 (1987). WSOU has determined that judgment from the U.S. District Court for the Western District of Texas will be best for its case, in consideration of its respective interests. This consideration is significant, as even Shenzhen states that in the cases it cited regarding the balance between comity and plaintiff's interests, the courts found the plaintiffs' interests outweighed prudential comity concerns." Def.'s Reply at 9, ECF No. 24.

## IV. CONCLUSION

Here, Plaintiff requested leave from this Court to effect alternative service of process, which this Court granted. Plaintiff has complied with (1) the Federal Rules of Civil Procedure; (2) international agreements entered into by the United States and China; and (3) the due process protections afforded by the United States. As a result, Plaintiff has properly served Defendant.

For the reasons stated above, Defendant's Motion to Dismiss (ECF No. 21) is **DENIED**. SIGNED this 8th day of July, 2021.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE