# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT, § § § § § *Plaintiff*, § § v. § § § ONEPLUS TECHNOLOGY (SHENZHEN) § CO., LTD., § § *Defendant*. § | Civil Action No. 6:20-00957-ADA Civil Action No. 6:20-00958-ADA JURY TRIAL DEMANDED |

**PLAINTIFF'S SUR-REPLY CLAIM CONSTRUCTION BRIEF (GROUP II PATENTS)**

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................... ii

I.   INTRODUCTION ........................................................................................................... 1

II.  U.S. PATENT NO. 8,712,708 ("THE '708 PATENT) ...................................................... 1

    A.  Disputed Terms ...................................................................................................... 1

        1.  "detect[ing] […] an availability of a charger adapter" ('708 Patent, Claims 1, 14, and 15) .............................................................................. 1

III. U.S. PATENT NO. 9,231,746 ("THE '746 PATENT") ..................................................... 3

    A.  Disputed Terms ...................................................................................................... 3

        1.  "an importance of parts of channel information for the link adaptation" ('746 Patent, Claims 1 and 11) ............................................... 3

        2.  "a lower importance with respect to link adaption than said at least one part" ('746 Patent, Claim 2) .................................................................. 4

        3.  "a coding level of said multi-level coding" / "coding level" ('746 Patent, Claims 1, 2, 3, and 11) ....................................................................... 4

IV.  CONCLUSION ............................................................................................................... 6

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Dealertrack, Inc. v. Huber*,
    674 F.3d 1315 (Fed. Cir. 2012)..................................................................................................5

*E-Pass Techs., Inc. v. 3Com Corp.*,
    343 F.3d 1364 (Fed. Cir. 2003)..............................................................................................5, 6

*Thorner v. Sony Computer Entm't Am. LLC*,
    669 F.3d 1362 (Fed. Cir. 2012)..................................................................................................2

I.  **INTRODUCTION**

Plaintiff WSOU Investments, LLC (d/b/a Brazos Licensing and Development) ("WSOU") submits this brief in support of its proposed constructions for the disputed claim terms of U.S. Patent Nos. 8,712,708 ("the '708 patent") and 9,231,746 ("the '746 patent"), and in response to Defendant OnePlus's reply claim construction brief concerning these patents (Dkt. 41).

As explained in WSOU's opening brief (Dkt. 34), the Court should adopt WSOU's proposed constructions. Nothing in OnePlus's reply brief changes that outcome. The Court should reject OnePlus's unsupported proposals to narrow the scope of certain disputed claim terms to disclosed embodiments or purported objectives of the claimed invention. The Court should also reject OnePlus's indefiniteness arguments, which are premised upon either ignoring or discounting portions of the intrinsic record. Moreover, OnePlus cannot overcome its significant burden to demonstrate the claims are indefinite.

II.  **U.S. PATENT NO. 8,712,708 ("THE '708 PATENT)**

   A.  **Disputed Terms**

   1.  **"detect[ing] […] an availability of a charger adapter" ('708 Patent, Claims 1, 14, and 15)**

| WSOU's Proposed Construction | OnePlus's Proposed Construction |
|---|---|
| Plain and ordinary meaning; or, if the Court deems a construction is necessary: "detect[ing] […] a presence of a charger adapter" | "detecting energy, e.g., voltage and/or current, for charging from an adapter" |

To the extent the Court deems it necessary to construe the phrase "detect[ing] […] an availability of a charger adapter," the Court should adopt WSOU's proposed construction and reject OnePlus's narrower proposed construction, which would unnecessarily limit the claim phrase to one specific way of detecting that a charger adapter is available. There may be other ways of detecting the availability of a charger adapter. For example, the apparatus could receive

1

an indication of a charger adapter's availability from a device other than the adapter itself. Regardless, whether WSOU has identified another method to detect the availability of a charger adapter is irrelevant, because the inventors did not so limit themselves nor disclaim other potential methods in the '708 patent.  As the Federal Circuit has succinctly stated:  "It is … not enough that all of the embodiments contain a particular limitation.  We do not read limitations from the specification into claims; we do not redefine words.  Only the patentee can do that.  To constitute disclaimer, there must be a clear and unmistakable disclaimer."  *Thorner v. Sony Computer Entm't Am. LLC*, 669 F.3d 1362, 1367, 1366 (Fed. Cir. 2012).

With regards to the exemplary language in OnePlus's proposal, the case OnePlus cites, *WSOU v. Microsoft*, is distinguishable.  There, the patent specification itself expressly recited "e.g." to note exemplary embodiments, and the Court adopted the specification's express exemplary language in its construction.  Here, in contrast, OnePlus is not asking the Court to adopt express exemplary language from the specification.  The '708 patent's specification does not use the exemplary language from OnePlus's proposed construction.

That being said, if the Court finds it helpful, WSOU would be amenable to the following compromise construction that incorporates both sides' proposals:  "detecting a presence of a charger adapter, including, but not limited to, by detecting energy (*e.g.*, voltage and/or current) for charging from an adapter."

2

### III. U.S. PATENT NO. 9,231,746 ("THE '746 PATENT")

#### A. Disputed Terms

##### 1. "an importance of parts of channel information for the link adaptation" ('746 Patent, Claims 1 and 11)

| WSOU's Proposed Construction | OnePlus's Proposed Construction |
|---|---|
| Plain and ordinary meaning; or, if the Court deems a construction is necessary: "a priority of parts of channel information for the link adaptation" | Indefinite |

The Court should adopt WSOU's proposed construction for the phrase "an importance of parts of channel information for the link adaptation" (*see* Dkt. 34 at 6-8) and reject OnePlus's indefiniteness arguments.

The term "importance" has objective meaning in the context of the '746 patent and is not indefinite. Far from meeting the clear and convincing evidence standard for proving that a claim term is indefinite, OnePlus's reply brief offers nothing more than attorney conjecture to try to discount the patent specification's disclosure connecting the "importance" determination with the "priority" determination. As discussed in WSOU's responsive brief, the patent specification repeatedly describes "importance" as a priority of parts of channel information for the link adaptation based on whether the particular channel information needs to be transmitted reliably for the link adaptation to work correctly. Dkt. 34 at 8-11. A POSA will determine "importance" based on which channel information parts should receive priority to allow for reliable link adaptation. A POSA could objectively make such a determination.

Just as with OnePlus's opening brief, OnePlus's reliance on case law in its reply brief is based on its unsupported reading of the '746 patent and refusal to recognize the connection drawn by the patent's specification between "importance" of channel information parts and "priority" for reliable link adaptation. *See* Dkt. 34 at 9-11. Contrary to OnePlus's contention, and unlike in the

3

cases cited by OnePlus, the '746 patent provides a POSA with sufficient guidance to objectively determine the "importance of parts of channel information for the link adaptation." *Id*.

### 2. "a lower importance with respect to link adaption than said at least one part" ('746 Patent, Claim 2)

| WSOU's Proposed Construction | OnePlus's Proposed Construction |
|---|---|
| Plain and ordinary meaning; or, if the Court deems a construction is necessary: "a lower priority with respect to link adaption than said at least one part" | Indefinite |

For the same reasons as discussed above (*supra* § III.A.1.), the Court should adopt WSOU's proposal for the term "a lower importance with respect to link adaption than said at least one part." OnePlus's reply brief does not make any new substantive arguments for this claim term, and its indefiniteness position likewise fails. *See* Dkt. 34 at 11-12.

### 3. "a coding level of said multi-level coding" / "coding level" ('746 Patent, Claims 1, 2, 3, and 11)

| WSOU's Proposed Construction | OnePlus's Proposed Construction |
|---|---|
| Plain and ordinary meaning; or, if the Court deems a construction is necessary: "a coding level of said multi-level coding" / "coding level" | "a distinct detection probability level" |

The Court should adopt the plain and ordinary meanings of the "coding level" claim phrases. Just like in its opening brief, nothing in OnePlus's reply brief explains why the Court needs to replace the express claim term "coding level" with another term ("distinct detection probability level") that the '746 patent's specification makes clear are different things. Dkt. 34 at 13-15.

In the context of claims 1-3 and 11 of the '746 patent, there is no danger that WSOU's proposal would "effectively eviscerate the 'multilevel coding' limitation," as OnePlus contends. Dkt. 41 at 9. Independent claims 1 and 11 recite "encoding [or encode] the channel information

4

using multi-level coding, said multi-level coding comprising combining multiple bit sequences, each bit sequence corresponding to a coding level of said multi-level coding." Ex. B at claims 1, 11.  The claims are clear that the "multi-level coding" is comprised of multiple independent bit sequences.  No further modification of the meaning of "coding level" is necessary to clarify a POSA's understanding of this term.

While the '746 patent discloses that each coding level can correspond to or allow for a level of detection probability of the bit sequence of the coding level, it never states that the coding level is the same thing as a detection probability level or otherwise defines "coding level" in the manner OnePlus asserts.  *See* Dkt. 34 at 13-14.  Indeed, claim 2 of the '746 patent recites "[t]he method according to claim 1, wherein the method comprises assigning multiple coding levels to multiple parts of the channel information, ***a detection probability of the coding level assigned to at least one of said multiple parts being higher than the detection probability of the coding level assigned to any further part of said multiple parts having a lower importance with respect to link adaptation than said at least one part***." Ex. B at claim 2 (emphasis added).  Thus, the claims are clear that "coding levels" can have different levels of "detection probability," but the claims do not equate them.

Furthermore, OnePlus's reply brief exaggerates the importance of the purported "objective of the claimed invention" in the claim construction process.  *See Dealertrack, Inc. v. Huber*, 674 F.3d 1315, 1323-24 (Fed. Cir. 2012) (rejecting argument that a purported "object of the invention" controlled claim construction).  The Federal Circuit has clarified that "[t]he court's task is not to limit claim language to exclude particular devices because they do not serve a perceived 'purpose' of the invention."  *E-Pass Techs., Inc. v. 3Com Corp.*, 343 F.3d 1364, 1370 (Fed. Cir. 2003).  "Rather, the district court's function is to interpret claims according to their plain language unless

5

the patentee has chosen to be his own lexicographer in the specification or has clearly disclaimed coverage during prosecution." *Id*.  None of those exceptions apply here.

## IV. CONCLUSION

WSOU respectfully requests that the Court adopt WSOU's proposals and reject OnePlus's proposed constructions and indefiniteness arguments.

Dated: October 12, 2021　　　　　RESPECTFULLY SUBMITTED,

By: */s/ Jonathan K. Waldrop*
  Jonathan K. Waldrop (CA Bar No. 297903)
  (Admitted in this District)
  jwaldrop@kasowitz.com
  Darcy L. Jones (CA Bar No. 309474)
  (Admitted in this District)
  djones@kasowitz.com
  Marcus A. Barber (CA Bar No. 307361)
  (Admitted in this District)
  mbarber@kasowitz.com
  John W. Downing (CA Bar No. 252850)
  (Admitted in this District)
  jdowning@kasowitz.com
  Heather S. Kim (CA Bar No. 277686)
  (Admitted in this District)
  hkim@kasowitz.com
  Jack Shaw (CA Bar No. 309382)
  (Admitted in this District)
  jshaw@kasowitz.com
  **KASOWITZ BENSON TORRES LLP**
  333 Twin Dolphin Drive, Suite 200
  Redwood Shores, California 94065
  Telephone: (650) 453-5170
  Facsimile: (650) 453-5096

  Mark D. Siegmund (TX Bar No. 24117055)
  mark@waltfairpllc.com
  **LAW FIRM OF WALT FAIR, PLLC**
  1508 N. Valley Mills Drive
  Waco, TX 76710
  Telephone: (254) 772-6400
  Facsimile: (254) 772-6432

  **Attorneys for Plaintiff**
  **WSOU INVESTMENTS, LLC d/b/a**
  **BRAZOS LICENSING AND**
  **DEVELOPMENT**

## **CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that on October 12, 2021, pursuant to Local Rule CV-5, a true and correct copy of the foregoing document was served via the Court's CM/ECF system on all parties who have appeared in this case.

                                                  */s/ Jonathan K. Waldrop*
                                                  **Jonathan K. Waldrop**