# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| WSOU Investments LLC doing business as Brazos Licensing and Development, | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 6:20-cv-00952-ADA<br>Civil Action No. 6:20-cv-00953-ADA<br>Civil Action No. 6:20-cv-00956-ADA<br>Civil Action No. 6:20-cv-00957-ADA<br>Civil Action No. 6:20-cv-00958-ADA |
| Plaintiffs, | | |
| v. | | |
| OnePlus Technology (Shenzhen) Co., Ltd., | | Jury Trial Demanded |
| Defendant. | | |

**DEFENDANT'S OPPOSITION TO WSOU'S OBJECTIONS TO SPECIAL MASTER'S REPORT AND RECOMMENDATION REGARDING CLAIM CONSTRUCTION**

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................................ 1

II. BACKGROUND AND PROCEDURAL HISTORY ......................................................... 1

    A. The '876 Patent .................................................................................................... 1

    B. Claim Construction .............................................................................................. 2

III. ARGUMENT ..................................................................................................................... 3

    A. WSOU's Proposed Construction Is Inconsistent With The Special Master's Guidance from the Markman Hearing and the Prosecution History and Would Be Confusing to the Jury ........................................................ 3

    B. The Court Should Adopt OnePlus' Proposed Construction ................................. 5

IV. CONCLUSION .................................................................................................................. 7

I.     **INTRODUCTION**

WSOU's Objections fail to articulate a preferred construction for the Court to adopt, and instead provide seven pages of commentary on the patent and its claim construction which it asks the Court to endorse. Such a vague objection cannot be sustained, especially as the objection foreshadows several ways WSOU is likely to use its claim construction to inject ambiguity into its forthcoming affirmative case on infringement. Instead of permitting such ambiguity, for the reasons set forth below and in OnePlus' concurrent objections, the Court should simply adopt a construction instructing the jury that, as used in the claims of U.S. Patent 7,477,876 (the "'876 Patent,") "'data transmission' excludes control signals/instructions."

II.    **BACKGROUND AND PROCEDURAL HISTORY**

   A.     **The '876 Patent**

The '876 Patent teaches an improved method for communicating information on the state of a communications channel—channel quality information ("CQI")—from a mobile device like a cell phone to a base station. While in prior art systems the base station instructed the mobile device when to change the rate with which CQI was reported, the patent requires the mobile device to make that decision on its own based merely on the fact of the receipt by mobile device of a "data transmission" and not a control "signal" or "instruction."

Throughout prosecution of the patent, the Applicants repeatedly emphasized the difference between using a "data transmission" and using a control signal or instruction as the basis for changing the frequency of CQI reports. In an office action response dated February 2, 2004, the Applicants explained that "using the actual <u>data transmission</u> from the base station as a trigger … is quite different than using a separate <u>signaling message.</u>" (Dkt. 99[1], Decl. of Michael

---

[1] Dkt. 99 in Case No. 6:20-cv-00952, Dkt. 97 in 6:20-cv-00953 and Dkt. 98 in 6:20-cv-00956.

J. Lyons in support of OnePlus' Objections to Special Master's Report and Recommendations ("Lyons Decl.") Ex. 3 at 6-7 (emphasis added)).  In an office action response dated August 6, 2004, the Applicants further distinguished prior art noting that it "describes a mobile (receiver) being <u>instructed</u>" (emphasis in original) and that this was "quite different from Applicants' claimed invention." (Lyons Decl. Ex. 4 at 5-6).  In an office action response dated June 13, 2007, the Applicants stated "***the claims are directed at*** a mobile changing its reporting rate after receiving data transmissions from a base station, **not instructions**" (Lyons Decl. Ex. 5 at 6 (emphasis added)).

### B.      Claim Construction

The parties' initial claim construction briefing addressed the phrase "varying a rate for reporting channel quality information from a mobile station to a base station as a function of the presence or absence of a reception of a data transmission at the mobile station." Dkt. 32 at 3. During the *Markman* hearing, the Special Master suggested that "just the word 'data transmission' alone" was the focus of the dispute (Lyons Decl. Ex. 2 ("Hr'g Tr.") at 16:15-16) and proposed a compromise construction confirming that "a data transmission does not include … an instruction, for example, a control signal" (*id.* at 18:11-12) and ultimately directed the parties to submit updated proposed constructions.  *Id.* at 120-121.  OnePlus submitted that "'data transmission' should be construed according to its plain and ordinary meaning, except that it does not include an instruction, such as a control signal." This position was reiterated in OnePlus' objections to the Special Master's Report and Recommendation.[2]

---

[2] Consistent with the Court's guidance to "forego lengthy recitations of legal authorities and instead focus on substantive issues unique to each case" (Order Governing Proceedings at 7), OnePlus omits a "Standard of Review" section.  Defendant notes the court determined to review the Special Master's Report and Recommendation "in a manner mirroring Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636." Dkt. 53 at 1.  WSOU's reliance on Rule 72(b) (WSOU Obj.

### III.  ARGUMENT

WSOU's objections to the Special Master's Report and Recommendation wrongly ask this Court: (a) to adopt the Special Master's recommendation subject to a proviso that the construction be interpreted consistent with the whole of WSOU's pending objections; (b) to adopt the construction "as set forth on page 18 of the Report and Recommendation"; or (c) "alternatively modify the construction in a manner consistent with Brazos's reading." *See* Dkt. 99 ("WSOU Obj.") at 1-2.  None of these options comports with the facts or history of this case, and as discussed below, any such construction would only sow confusion for the finder of fact.  Instead, the Court should adopt OnePlus' proposed construction, and inform the jury that as used in the claims, "'data transmission' excludes control signals/instructions." *See* Dkt. 98 ("OnePlus Obj.") at 16-20.

> **A.  WSOU's Proposed Construction Is Inconsistent With The Special Master's Guidance from the Markman Hearing and the Prosecution History and Would Be Confusing to the Jury**

WSOU argues that its proposed construction is in accord with "the Special Master's guidance at the Markman Hearing" and "the prosecution statements made by the applicant for the '876 patent." WSOU Obj. at 5.  It is not.  Rather, during the *Markman* hearing, Dr. Yi observed, and WSOU's counsel even agreed, that the prosecution history expressly distinguished a data transmission from a network instruction or control signal:

> SPECIAL MASTER: Counsel, …would you be opposed to just saying plain and ordinary meaning, but … a data transmission does not include [] an instruction, for example, a control signal? Something like that?
>
> … I usually just go with plain and ordinary meaning as much as -- you know, as the law allows. Here, it just seems like plain and ordinary meaning, but maybe

---

at 5) suggests that WSOU believes this is a "dispositive" issue.  *See* Fed. R. Civ. Proc. 72(b) (regarding "Dispositive Motions"); *cf.* Rule 72(a) ("Nondispositive Matters").

> where we just say data transmission is -- you know, just to make it clear, it's just not an instruction.
>
> …
>
> MR. MINNE [*counsel for OnePlus*]: What I jotted down, just so I'm clear on it, was plain and ordinary meaning but data transmission does not include an instruction, i.e., a control signal.
>
> …
>
> SPECIAL MASTER: Okay. Yeah. That's -- that's what I was thinking.
>
> …
>
> it definitely seems clear to me that when the applicant was talking about Chen, they disavowed Chen type approaches which use an explicit instruction to change the rate. … I'm just trying to focus on can we find a way to basically memorialize, you know, that it's not doing the Chen type of approach. … Am I making sense kind of like where I'm trying to go here?
>
> MR. STERN [*counsel for WSOU*]: I think so. … the claims aren't talking about using an explicit instruction like in Chen.

Hr'g Tr. at 18:8-20:20. This colloquy was based in part on the Applicants statement during prosecution that "the claims are directed at a mobile [device] changing its reporting rate after receiving data transmissions from a base station, not instructions." Lyons Decl. Ex. 5 at 6.

This straightforward statement from the prosecution history—that the claimed "data transmissions" are "not instructions"—supports providing an equally straightforward claim construction for the jury. But instead, WSOU seems to argue that "signals/instructions" are actually part of a data transmission. WSOU Obj. at 5 (arguing "signals/instructions" are "the content … of the data transmission") and 6 ("[a]ccordingly, WSOU's updated proposal clarified that 'as a function of the presence or absence of a reception of a data transmission' does not mean 'based on the content of the data transmission' (i.e., does not mean based on the content of a control signal/instruction)." However, WSOU also apparently adopts the Special Master's

construction of "data transmission" from the "note not for the jury," agreeing that "'data transmission' in the disputed claim phrase 'excludes control signals/instructions.'" *Id.* at 6. Given these conflicting statements, adopting WSOU's construction and failing to give an unambiguous instruction that "data transmission" excludes control signals or instructions will confuse the jury as to the actual meaning of the term "data transmission" as used in the claims of the '876 patent.

A construction that "'data transmission' excludes control signals/instructions," as recounted in Dr. Yi's proposed "note 2" is consistent with the evidence and OnePlus' briefing. As explained above, note 2 is necessary to capture repeated and unambiguous statements from the Applicants during prosecution that, as the term is used in the '876 Patent, using a ***data transmission*** to set the CQI reporting rate was different than using a ***control signal or instruction*** to set the CQI reporting rate. Lyons Decl. Ex. 3 at 6-7; Ex. 4 at 5-6; Ex. 5 at 6. OnePlus made the same fundamental argument in its claim construction brief:

> Applicants' statements constitute a clear and unmistakable disavowal of the technique disclosed in Chen—i.e., varying the transmission rate based on the content of the data transmission or any other message or signal instructing such action—from the scope of the claims. The Applicants' statements confirmed that, unlike Chen, the claims are limited to the technique of varying the rate using the detection of the presence or absence of actual data transmission as the trigger for varying the rate.

Dkt. 32 at 5. OnePlus's arguments focusing on the claim construction hearing align with, and are further supported by, OnePlus's briefing.

### B. The Court Should Adopt OnePlus' Proposed Construction

OnePlus has fully briefed its proposed alternative construction in its Objections to the Special Master's Report and Recommendation Regarding Claim Construction. OnePlus Obj. at

16-20. Without waiver of any of those arguments, and as particularly relevant here, OnePlus reiterates:

***"Data Transmission" must be construed for the jury.*** The "duty of a trial court in any jury trial is to give instructions which are meaningful, … which can be understood and given effect by the jury once it resolves the issues of fact which are in dispute." *Sulzer Textil A.G. v. Picanol N.V.*, 358 F.3d 1356, 1366 (Fed. Cir. 2004). Here, the Applicants' statements distinguishing a "data transmission" in the claim language from a "signal" or "instruction" used by the apparatus in the prior art Chen reference is plainly relevant to the scope of the claim. Lyons Decl. Ex. 3 at 6-7; Ex. 4 at 5-6; Ex. 5 at 6. Accordingly, the key instruction for the jury (and other finders of fact and experts in this case) is that a data transmission "excludes control signals/instructions" as expressly proposed by OnePlus. *Sulzer*, 358 F.3d at 1366; *see also Iridescent Networks, Inc. v. AT&T Mobility, LLC*, 933 F.3d 1345, 1352-53 (Fed. Cir. 2019) (even if an applicant's statement does not rise to the level of disclaimer, "[a]ny explanation, elaboration, or qualification presented by the inventor during patent examination is relevant, for the role of claim construction is to capture the scope of the actual invention that is disclosed, described, and patented") (internal quotations and citations omitted); *Phoenix Licensing, L.L.C. v. AAA Life Ins. Co.*, No. 2:13-CV-1081, 2015 WL 1813456, at *16 (E.D. Tex. Apr. 20, 2015) (adopting a negative construction); *SIPCO, LLC v. Amazon.com, Inc.*, No. 2:08-CV-359-JRG, 2012 WL 5195942, at *22 (E.D. Tex. Oct. 19, 2012) (similar).

***The Applicants disclaimed reliance on a control signal or instruction:*** On June 13, 2007, the Applicants stated that "the claims are directed at a mobile changing its reporting rate after receiving data transmissions from a base station, **not instructions**." Ex. 5 at 6 (emphasis added). This meets the standard for disavowal by "mak[ing] clear that the invention does not

include a particular feature." *Hill-Rom Servs., Inc. v. Stryker Corp.*, 755 F.3d 1367, 1372 (Fed. Cir. 2014) (collecting cases). Specifically, the Applicants' use of the phrase "the claims are directed … " mirrors the language "the present invention [is] …" found by the Federal Circuit to signal a disclaimer. *See id; see also Edwards Lifesciences LLC v. Cook Inc.*, 582 F.3d 1322, 1330 (Fed. Cir. 2009). The Applicants' further statement that the "data transmissions" are "not instructions," as well as other statements distinguishing instructions and control signals, discussed *supra*, make clear that the Applicants intentionally disavowed and surrendered any interpretation of "data transmissions" that encompassed signals or instructions. The Court's claim construction should clearly exclude this disclaimed subject matter. WSOU's objection effectively seeks to renege on the bargain it reached with the patent office to secure allowance of the patent and should be rejected.

## IV.   CONCLUSION

For the foregoing reasons, the Court should overrule WSOU's objections, sustain OnePlus', and adopt a construction that informs the jury that as used in the claims of the '876 Patent, "'data transmission' excludes control signals/instructions."

| Dated: June 28, 2022 | */s/ Michael J. Lyons* |
| --- | --- |
| | Michael J. Lyons* |
| | California Bar No. 202284 |
| | michael.lyons@morganlewis.com |
| | Ahren C. Hsu-Hoffman |
| | Texas Bar No. 24053269 |
| | Ahren.hsu-hoffman@morganlewis.com |
| | Jacob J.O. Minne* |
| | California Bar No. 294570 |
| | jacob.minne@morganlewis.com |
| | Austin L. Zuck* |
| | California Bar No. 318434 |
| | austin.zuck@morganlewis.com |
| | **MORGAN, LEWIS & BOCKIUS LLP** |
| | 1400 Page Mill Road |
| | Palo Alto, CA 94304 |
| | T: 650.843.4000 |

F: 650.843.4001

Elizabeth M. Chiaviello
Texas Bar. No. 24088913
elizabeth.chiaviello@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
1717 Main Street, Suite 3200
Dallas, TX 75201
T: 214.466.4000
F: 214.466.4001

*Admitted *pro hac vice*

***Attorneys for Defendant OnePlus
Technology (Shenzhen) Co. Ltd.***

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on June 28, 2022, a true and correct copy of the foregoing document was served electronically on counsel of record via the Court's CM/ECF system per Local Rule CV-5.

*/s/ Michael J. Lyons*
Michael J. Lyons
