**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT,<br><br>   Plaintiff,<br><br>  v.<br><br>ONEPLUS TECHNOLOGY (SHENZHEN) CO., LTD.,<br><br>   Defendant. | CIVIL ACTION 6:20-cv-00952-ADA<br>CIVIL ACTION 6:20-cv-00953-ADA<br>CIVIL ACTION 6:20-cv-00956-ADA<br>CIVIL ACTION 6:20-cv-00957-ADA<br>CIVIL ACTION 6:20-cv-00958-ADA<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S REPLY CONCERNING SPECIAL MASTER'S
REPORT AND RECOMMENDATION REGARDING
<u>CLAIM CONSTRUCTION FOR U.S. PATENT NO. 8,477,876</u>**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

I.   INTRODUCTION ........................................................................................................... 1

II.  DISPUTED TERM AND PROPOSED/RECOMMENDED CONSTRUCTIONS ............... 1

III. ARGUMENT .................................................................................................................. 2

   A.   Brazos's proposal is consistent in scope with the Special Master's recommended construction. ................................................................................................................. 2

   B.   OnePlus improperly seeks to convert only one of the Special Master's "notes not for the jury," but not the other, into an express construction for the jury. ............................. 3

   C.   The Special Master properly found that the prosecution history does not reflect a clear and unmistakable disclaimer of claim scope. ............................................................. 3

IV.  CONCLUSION ............................................................................................................... 5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Edwards Lifesciences LLC v. Cook Inc.*,
    582 F.3d 1322 (Fed. Cir. 2009)......................................................................................................4

*Hill-Rom Servs., Inc. v. Stryker Corp.*,
    755 F.3d 1367 (Fed. Cir. 2014)...............................................................................................3, 4, 5

*SanDisk Corp. v. Memorex Prods., Inc.*,
    415 F.3d 1278 (Fed. Cir. 2005)......................................................................................................5

## I.   INTRODUCTION

Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development ("Brazos") submits this brief in reply to Defendant OnePlus's June 28, 2022 Response (C.A. No. 6:20-cv-952, Dkt. 103) in connection with the Special Master's recommended construction of the sole disputed claim term of U.S. Patent No. 8,477,876 ("the '876 patent")—*i.e.*, "varying a rate … as a function of the presence or absence of a reception of a data transmission at the mobile station." As already explained in Brazos's prior submissions regarding this claim term, the Court should (1) adopt Brazos's updated proposed construction for this claim term or, alternatively, affirm Brazos's plain reading of the Special Master's recommended "notes not for the jury"; and (2) overrule OnePlus's objections and reject OnePlus's proposal regarding this term.  *See* Dkt. 100 (Brazos's 6/14/22 Objections) at 5-7; Dkt. 104 (Brazos's 6/28/22 Response to OnePlus's Objections) at 16-20.

## II.   DISPUTED TERM AND PROPOSED/RECOMMENDED CONSTRUCTIONS

| "varying a rate for reporting channel quality information from a mobile station to a base station *as a function of the presence or absence of a reception of a data transmission at the mobile station*" ('876 patent, claim 1) | | |
|---|---|---|
| **Brazos's Updated Proposal** | **OnePlus's Updated Proposal** | **Special Master's Recommendation** |
| "varying a rate for reporting information about the status of the communication channel from a mobile station to a base station *as a function of the presence or absence of a reception of a data transmission at the mobile station, and not solely based on the content of the data transmission*" | "data transmission" should be construed according to its plain and ordinary meaning, *except that it does not include an instruction, such as a control signal* | Plain-and-ordinary meaning[1]  <br><br>[1] **Notes not for the jury:** <br>1) The plain-and-ordinary meaning of "function of" includes what follows, but is not limited only to what follows. <br>2) The plain-and-ordinary meaning of "data transmission" excludes control signals/instructions. |

1

### III. ARGUMENT

#### A. Brazos's proposal is consistent in scope with the Special Master's recommended construction.

OnePlus's *ipse dixit* that Brazos's proposal would "sow confusion for the fact finder" (Dkt. 103 at 3) does not comport with the plain language of Brazos's proposal or the Special Master's recommended "notes not for the jury." As Brazos explained in its previous submissions, although the Special Master erred in rejecting the language of Brazos's updated proposed construction, the Special Master's recommendation as a whole, through the interplay of its two "notes not for the jury," comports with Brazos's understanding of the proper scope of the claim term and is consistent in scope with Brazos's updated proposed construction. *See* Dkt. 100 (Brazos's 6/14/22 Objections) at 5-7; Dkt. 104 (Brazos's 6/28/22 Response to OnePlus's Objections) at 16-20.

While the Special Master's second "note not for the jury" states that the term "data transmission" in the disputed claim phrase "excludes control signals/instructions," the Special Master's first "note not for the jury" states that the words "function of" in the disputed claim phrase "includes what follows, but is not limited only to what follows." Dkt. 93 at 21. Thus, consistent with Brazos's proposal (and the *Markman* hearing transcript excerpt quoted on pages 4-5 of OnePlus's Response), the claimed varying of the reporting rate must be performed "as a function of the presence or absence of a reception of a data transmission at the mobile station" and therefore cannot be based solely on the reception of a control signal/instruction. Dkt. 100 at 6-7. In other words, to the extent a data transmission happens to also contain a control signal or instruction, the varying of the reporting rate must occur based on the presence or absence of the data transmission's receipt and not based purely on the data transmission's contents (*e.g.*, an

explicit instruction to vary the reporting rate). Contrary to OnePlus's assertion (Dkt. 103 at 4-5), there is nothing contradictory about Brazos's proposal.

**B.   OnePlus improperly seeks to convert only one of the Special Master's "notes not for the jury," but not the other, into an express construction for the jury.**

Notably, OnePlus has not objected to or otherwise addressed the Special Master's first "note not for the jury" and instead focuses entirely on its quest to convert only the second "note not for the jury" into an express construction for the jury. As previously explained, to the extent the Court ultimately decides to convert one of these notes into an express construction for the jury, it should do so for both and affirm Brazos's plain reading of the construction, which OnePlus does not appear to dispute. Dkt. 104 at 18. Like OnePlus's June 14, 2022 Objections, OnePlus's June 28, 2022 Response offers no colorable basis for treating the first and second "notes not for the jury" disparately.

**C.   The Special Master properly found that the prosecution history does not reflect a clear and unmistakable disclaimer of claim scope.**

Contrary to OnePlus's disclaimer arguments, the Special Master rightly recognized based on a thorough analysis of the prosecution history statements of record that the statements do "not rise to the level" of a clear and unmistakable surrender of claim scope, which is necessary to "meet the 'exacting' standard required to find there was a disclaimer." Dkt. 93 (Report & Recommendation) at 15-17 (quoting *Hill-Rom Servs., Inc. v. Stryker Corp.*, 755 F.3d 1367, 1371 (Fed. Cir. 2014). The Special Master correctly found that, "rather than narrowing the claim scope in order to differentiate the claimed invention from the Chen prior art reference, Applicants' prosecution statements simply describe … what was missing in Chen, namely, varying the rate based on the presence or absence of a received data transmission." *Id*. at 16.

OnePlus's disclaimer arguments in its Response (Dkt. 103 at 1-2, 6-7) fail to show that the Special Master's findings were erroneous and, moreover, are primarily based on a June 13,

2007 Response from the prosecution history that OnePlus failed to submit or even mention in its claim construction briefing. *See* Dkt. 32 (OnePlus's Opening Claim Construction Br.) at 4-6 (discussing prosecution history statements, but not any from June 13, 2007); Dkt. 42 at 2-3 (same). As explained in Brazos's June 28, 2022 submission (Dkt. 104 at 19-20), OnePlus only first filed a copy of the June 13, 2007 prosecution statement with the Court on June 14, 2022 (Dkt. 99-6)—*i.e.*, more than 7 months after the October 28, 2021 *Markman* hearing (Dkt. 57) and nearly 8 months after the Special Master announced his recommended constructions on November 3, 2021 (Dkt. 60). OnePlus waived the right to rely on the June 13, 2007 statement, particularly as its primary evidence of a purported disclaimer, as OnePlus seeks to do now.

In any event, the June 13, 2007 statement is merely cumulative of prosecution statements already of record that the Special Master properly considered in rejecting OnePlus's disclaimer arguments. *See* Dkt. 104 at 19-20. In the June 13, 2007 Response, the Applicants stated: "Further, as the Applicants have explained in detail before (see Applicants' appeal brief dated February 28, 2005), the claims are directed at a mobile changing its reporting rate after receiving data transmissions from a base station, not instructions." Dkt. 99-6 at 6.[1] In the context of the prosecution history, the plain language of this statement is most reasonably understood to mean that the claims required that the reporting rate be varied based on the receipt of a data transmission from a base station, rather than as a result of receiving an instruction to vary to the reporting rate. This reading is consistent with the plain language of the claims ("varying a rate for reporting … as a function of the presence or absence of a reception of a data transmission at

---

[1] Contrary to OnePlus's contention (Dkt. 103 at 6-7), the language "the claims are directed at …" in the June 13, 2007 statement does not in any way "mirror[] the language" that the Federal Circuit noted could signal a disclaimer in the *Hill-Rom* or *Edwards Lifesciences* cases. *See Hill-Rom*, 755 F.3d at 1372 ("For example, we have held that disclaimer applies when the patentee makes statements such as 'the present invention requires ...' or 'the present invention is ...' or 'all embodiments of the present invention are....'"; but ultimately finding no disclaimer); *Edwards Lifesciences LLC v. Cook Inc.*, 582 F.3d 1322, 1330 (Fed. Cir. 2009) (similar).

the mobile station"), as well as with Applicants' statements earlier during prosecution, which likewise never disclaimed systems that might *also* happen to be able to vary a reporting rate in response to an instruction to do so.  *See, e.g.*, Dkt. 93 at 15-17.  The prosecution history statements of record are entirely consistent with Brazos's proposed construction that varying the reporting rate be performed "as a function of the presence or absence of a reception of a data transmission at the mobile station, and not solely based on the content of the data transmission." *See* Dkt. 35 at 3-4; Dkt. 47 at 2-3; Dkt. 99-2 at 3-4.  As the Federal Circuit has repeatedly found, "[t]here is no 'clear and unmistakable' disclaimer if a prosecution argument is subject to more than one reasonable interpretation, one of which is consistent with a proffered meaning of the disputed term."  *SanDisk Corp. v. Memorex Prods., Inc.*, 415 F.3d 1278, 1287 (Fed. Cir. 2005) (collecting cases).

The case law is unequivocal that "to deviate from the plain and ordinary meaning of a claim term to one of skill in the art, the patentee must, with some language, indicate a clear intent to do so in the patent."  *Hill-Rom*, 755 F.3d at 1373.  Because OnePlus has failed to establish such a clear intent in the prosecution history, the Court should reject OnePlus's disclaimer argument and decline to import its proposed negative limitation into the claims.

## IV.   CONCLUSION

For these reasons, the Court should overrule OnePlus's objections to the Special Master's recommended constructions and adopt Brazos's proposal.

Dated: July 12, 2022            Respectfully submitted,

By: */s/ Jonathan K. Waldrop*
   Jonathan K. Waldrop (CA Bar No. 297903)
   (Admitted in this District)
   jwaldrop@kasowitz.com
   Darcy L. Jones (CA Bar No. 309474)
   (Admitted in this District)
   djones@kasowitz.com
   Marcus A. Barber (CA Bar No. 307361)
   (Admitted in this District)
   mbarber@kasowitz.com
   John W. Downing (CA Bar No. 252850)
   (Admitted in this District)
   jdowning@kasowitz.com
   Heather S. Kim (CA Bar No. 277686)
   (Admitted in this District)
   hkim@kasowitz.com
   ThucMinh Nguyen (CA Bar No. 304382)
   (Admitted in this District)
   tnguyen@kasowitz.com
   **KASOWITZ BENSON TORRES LLP**
   333 Twin Dolphin Drive, Suite 200
   Redwood Shores, California 94065
   Telephone: (650) 453-5170
   Facsimile: (650) 453-5171

   Paul G. Williams (GA Bar No. 764925)
   (Admitted in this District)
   pwilliams@kasowitz.com
   **KASOWITZ BENSON TORRES LLP**
   1230 Peachtree Street N.E., Suite 2445
   Atlanta, Georgia 30309
   Telephone: (404) 260-6080
   Facsimile: (404) 260-6081

   Hershy Stern (NY Bar No. 4631024)
   (Admitted *pro hac vice*)
   hstern@kasowitz.com
   Howard L. Bressler (NY Bar No. 2487379)
   (Admitted *pro hac vice*)
   hbressler@kasowitz.com
   Joshua A. Whitehill (NY Bar No. 4766473)
   (Admitted *pro hac vice*)
   jwhitehill@kasowitz.com
   Noah P. Dorman (DC Bar No. 1779821)
   (Admitted *pro hac vice*)
   ndorman@kasowitz.com
   **KASOWITZ BENSON TORRES LLP**
   1633 Broadway

New York, NY 10019
Telephone: (212) 506-1700
Facsimile: (212) 506-1800

Mark D. Siegmund (TX Bar No. 24117055)
mark@swclaw.com
**STECKLER WAYNE CHERRY & LOVE PLLC**
8416 Old McGregor Road
Waco, TX 76712
Telephone: (254) 651-3690
Facsimile: (972) 387-4041

Gregory Phillip Love (TX Bar No. 24013060)
greg@swclaw.com
**STECKLER WAYNE CHERRY & LOVE PLLC**
107 East Main Street
Henderson, TX 75652
Telephone: (903) 212-4444
Facsimile: (903) 392-2267

**ATTORNEYS FOR PLAINTIFF
WSOU INVESTMENTS, LLC
d/b/a BRAZOS LICENSING AND
DEVELOPMENT**

## **CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on July 12, 2022, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

*/s/ Jonathan K. Waldrop*
**Jonathan K. Waldrop**
